# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**TRACY WILLIAMS**                                                                                         **PLAINTIFF**

**v.**                                                          **CIVIL NO. 1:17cv296-HSO-JCG**

**SAFEWAY INSURANCE COMPANY**                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF TRACY WILLIAMS' MOTION TO AMEND COMPLAINT [9] AND MOTION TO REMAND [10]

This matter is before the Court on Plaintiff Tracy Williams' Motion to Amend Complaint [9] and Motion to Remand [10]. The Motions are fully briefed. Having considered the parties' submissions, the related pleadings, and relevant legal authority, the Court is of the opinion that Plaintiff's Motions should be denied.

## I. BACKGROUND

On or about May 20, 2016, Plaintiff Tracy Williams ("Plaintiff") was involved in an automobile accident at the intersection of Three Rivers Road and Highway 605 in Gulfport, Mississippi. Compl. [1-2] at 1-2. Plaintiff alleges that the collision was caused by the negligence of Jessica L. Ramirez ("Ramirez"), who was insured by USA Insurance Company with policy limits of $25,000.00. *Id*. Plaintiff avers that because of the extensive nature of the injuries she suffered, her damages are in excess of Ramirez' policy limits. *Id*. at 3. She therefore filed a claim under her own underinsured insurance policy with Safeway Insurance Company ("Defendant"), seeking the policy limits of $50,000.00. *Id*. According to Plaintiff, Safeway has "wrongfully and in bad faith withheld benefits due to the [P]laintiff." *Id*. at 3-4.

Plaintiff originally filed her Complaint on September 14, 2017, in the County Court of Harrison County, Mississippi, First Judicial District, Cause No. D2401-17-1440, naming Safeway as the Defendant and seeking an unspecified amount of compensatory and punitive damages. *Id.* at 3-4. Defendant removed the case to this Court invoking federal diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Notice of Removal [1] at 1-3. Defendant contends that because Plaintiff is seeking a judgment for an unspecified amount of compensatory damages, plus an unspecified amount of punitive damages, her claims exceed $75,000.00, crossing the jurisdictional threshold for diversity of citizenship cases. *Id.*

Plaintiff has filed both a Motion to Amend Complaint [9] and a Motion to Remand [10]. Plaintiff seeks leave to amend her Complaint to clarify that the damages she is seeking "do not exceed $75,000, inclusive of the $25,000.00 (sic) in uninsured motorist's benefits available under the applicable Safeway policy, compulsory and punitive damages, attorney fees and costs." Proposed First Am. Compl. [9-1] at 4. Simultaneously, Plaintiff asks that this case be remanded since the amount in controversy is less than the statutory minimum of $75,000.00. Mot. to Remand [10] at 2.

Defendant responds that federal jurisdiction attached at the time of removal, and cannot be defeated through a subsequent motion to amend the complaint to reduce the damages sought below the jurisdictional amount. Resp. in Opp'n to Remand [13] at 1-3; Resp. in Opp'n Am. Compl. [12] at 1-2.

2

## II. DISCUSSION

A. Removal standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a) (2012). Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010) (citing *Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982)). For this reason, removal statutes are subject to strict construction. *Hood ex. rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 92 (5th Cir. 2013); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164). The party seeking removal bears the burden of establishing federal jurisdiction over the state court suit. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  Diversity jurisdiction under 28 U.S.C. § 1332(a)

The record reflects, and the parties do not dispute, that they are of diverse citizenship. At issue is whether the amount in controversy is satisfied. According to § 1446(c)(2),

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . . . except that—
>
> (A)  the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>   (i)  nonmonetary relief; or
>
>   (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Under § 1446, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Generally, "when a defendant seeks federal court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. When questioned, § 1446(c)(2)(B)

4

dictates the procedure to follow: "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554.

Jurisdictional facts, including the amount in controversy, are judged as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *see also Toney v. State Farm Lloyds*, 661 F. App'x 287, 290 (5th Cir. 2016). When an insurance policy is at issue, under certain circumstances the policy limit will establish the amount in controversy. *See, e.g., Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). "[I]f an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Id.* However, in ascertaining the amount in controversy, a court may also include punitive damages and other items for which an insurer could be liable under state law. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Toney*, 661 F. App'x at 290. Under Mississippi law, "[a] punitive damages claim should be decided by a jury if 1) there was no arguable or legitimate basis for denying coverage, and 2) the insurance company acted with malice or gross and reckless disregard for the rights of the insured." *United States Fid. & Guar. Co. of Mississippi v. Martin*, 998 So. 2d 956, 970 (Miss. 2008).

"[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and

amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883. A court may consider a post-removal affidavit when the jurisdictional amount was ambiguous on the face of the state petition and the affidavit helps clarify the jurisdictional facts as of the time of removal. *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18.

C. Analysis

1. The amount in controversy was satisfied at the time of removal.

Plaintiff did not request a specific amount of damages in her Complaint, but did state that her underinsured insurance policy "provides in excess of $50,000.00 in underinsurance coverage per occurrence," Compl. [1-2] at 3, and demanded judgment "in an amount within the jurisdictional limit of this [c]ourt but not limited to the amount of the uninsured coverage available under the applicable Safeway policy, compensatory damages, interest and costs of suit and punitive damages," *id*. at 4. Therefore, at the time of removal Plaintiff was seeking compensatory damages up to the $50,000.00 policy limit plus an unspecified amount of punitive damages, all not to exceed the $200,000.00 jurisdictional limit of the County Court. *See* Mississippi Code § 9-9-21 (providing in pertinent part that the county courts of Mississippi "have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00)").

As for the punitive damages claim, the Complaint charges that in denying Plaintiff's claims under the insurance policy, Safeway's conduct was "deliberately undertaken, intentional, wanton, willfull, and in reckless disregard of the rights and well-being of [P]laintiff, and by reason thereof, [P]laintiff requests that a jury be allowed to determine the appropriateness and amount of punitive damages for said behavior." Compl. [1-2] at 4. The Complaint set forth facts which, if proven, could justify an award of punitive damages under Mississippi law, in addition to the compensatory damages sought.

Reviewing the Complaint as a whole, the Court finds that it is facially apparent that Plaintiff was demanding damages in excess of $75,000.00 at the time of removal. Safeway has carried its burden of demonstrating that, at the time of removal, the amount in controversy in this particular case exceeded the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Therefore, this Court possessed subject-matter jurisdiction at the time of removal and Plaintiff's Motion to Remand should be denied.

> 2. <u>Because this Court possessed subject-matter jurisdiction at the time of removal, neither Plaintiff's post-removal Affidavit nor her Motion to Amend Complaint can deprive the Court of jurisdiction.</u>

In an attempt to have this case remanded to state court, where Plaintiff attests she "desire[s] to litigate this claim," Plaintiff has submitted both a post-removal Affidavit and a Motion to Amend Complaint to clarify that she is seeking less than $75,000.00 in damages. Mot. to Amend Compl. [10] at 1-2; Pl. Aff. [18] at

7

1-2. Because it was facially apparent at the time of removal that Plaintiff was demanding in excess of $75,000.00, these post-removal filings attempting to reduce the amount in controversy do not "deprive the district court of jurisdiction." *Gebbia*, 233 F.3d at 883. Based upon the foregoing, the Court finds that Plaintiff's Motion to Amend Complaint should be denied without prejudice.

III. CONCLUSION

After review of the Complaint, the record as a whole, and relevant legal authority, the Court finds that Plaintiff's Motion to Remand should be denied and Plaintiff's Motion to Amend Complaint should be denied without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Tracy Williams' Motion to Remand [10] is **DENIED** and Plaintiff's Motion to Amend Complaint [9] is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED,** this the 14th day of August, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE